UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

RAMIREZ RAUL,

Petitioner,

v.

DHS OPLA, et al.,

Respondents.

Case No. 5:26-cv-02567-SRM-AYP

**ORDER ACCEPTING IN PART AND DENYING IN PART THE FINDINGS AND RECOMMENDATIONS OF THE MAGISTRATE JUDGE [18]**

**A-029199865**

Pursuant to 28 U.S.C. § 636, the Court has conducted a de novo review of the Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 (Dkt. 1), all of the records herein, and the Report and Recommendation ("R&R") of the United States Magistrate Judge. Dkt. 18. The time for filing objections to the R&R has passed and no objections were raised. *Id.* at 5-6.

## I. BACKGROUND

The following facts are derived from the verified allegations in the Petition and any attached exhibits. *See* Dkt. 1. Pro se Petitioner is a 65-year-old non-citizen. Dkt. 1 at 10. On January 21, 2026, he was detained by Immigration and Customs Enforcement ("ICE") and taken to Adelanto ICE Processing Center. *Id.* at 4. As of April 19, 2026, Petitioner

"was never given a bond hearing." *Id.* at 2. He did not appeal because there was no "administrative decision to appeal." *Id.* Petitioner alleges that he has an ongoing "serious medical condition." *Id.*; *see also id.* at 9-47. He states that he has been taken to the hospital multiple times due to his illness and is not "receiving adequate medical care while in detention." *Id.* at 6. He states that his condition is getting worse and his continued detention puts his life at risk. *Id.* Petitioner argues that his continued detention is unlawful and violates his constitutional rights. *Id.* On May 12, 2026, Petitioner filed this Writ of Habeas Corpus under 28 U.S.C § 2241, seeking an order requiring Respondents to immediately release him from immigration detention or a bond hearing before an immigration judge. Dkt. 1 at 8. Petitioner challenges his detention as unlawful based on the following grounds: (1) he is suffering from a serious medical condition; and (2) violation of his constitutional rights. *Id.*

The Court, on May 13, 2026, entered the Notice of General Order 26-05 and Briefing Schedule, directing Respondents to show cause why the writ of habeas corpus should not be granted and thereby adopting the standard procedures and briefing schedule under the General Order. Dkt. 4. The Court referred the case to the Federal Public Defender to consider appointment of counsel. Dkt. 6. Respondents filed their Answer on May 20, 2026 conceding that "to the extent Petitioner would be entitled to any remedy, at most it would be ordering a bond hearing to be held before an Immigration Judge under Section 1226(a). Respondent is not presenting an opposition argument to a bond hearing at this time." Dkt. 8 at 2. Respondents' one page response does not address why Petitioner has been held since January 21, 2026 without a bond hearing. *See generally* Dkt. 8. On June 29, 2026, counsel was appointed to represent Petitioner. Dkt. 11. On July 2, 2026, the Court ordered Petitioner to file a reply by July 13, 2026. Dkt. 14. Petitioner filed an ex parte motion to for extension of time to file reply on July 9, 2026. Dkt. 15. The Court granted the application and ordered Petitioner to file a reply by August 8, 2026. Dkt. 16. No reply was submitted.

## II. DISCUSSION

The R&R correctly observes that there is no dispute that petitioner is entitled to, at minimum, a bond hearing. Dkt. 8. However, the court disagrees with the Magistrate Judge and finds that the appropriate relief is petitioner's immediate release.

Petitioner unequivocally alleges a constitutional violation based the fact that he has been detained since January 21, 2026 without a bond hearing. Dkt. 1. The government states that Petitioner is being held pursuant to 8 U.S.C. § 1226(a). Dkt. 8 at 2. Thus, Petitioner is entitled to request and receive an initial bond hearing pursuant to *Rodriguez Vasquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026). The Government fails to address the constitutional violation raised by Petitioner, specifically, that at the time of filing the Petition, he had already been held for four months without a bond hearing. *See generally* Dkt. 8. Construed liberally, Petitioner is claiming a due process violation. *See* Dkt. 1. Thus, the Court considers this failure to address petitioner's claim as a concession. *See e.g.*, *Soleimani v. Larose*, No. 25-CV-3082-DMS-DEB, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's response to the petition failed to respond to claims raised in the petition, including a Fifth Amendment due process claim); *Sing v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petition as a concession).

In addition, the Magistrate Judge's recommendation of a bond hearing within seven days constitutes post-deprivation relief, "which has no bearing on whether Respondents provided the requisite pre-deprivation relief." *Baran v. Bowen*, No. 5:26-CV-00060-MWC-ADS, 2026 WL 1048225, *3 (C.D. Cal 2026); *see also*, *Chicoze-Ezechi v. Noem*, No. 2:26-CV-00145-BAT, 2026 WL 265733, *2 (W.D. Wash 2026) ("The Court also finds while Petitioner may request a bond hearing, a post-deprivation bond hearing is an inadequate procedural safeguard because it would occur only after detention and thus fails to address an erroneous deprivation of liberty."); *Cleveland Bd. of Educ.v. Loudermill*, 470 U.S. 532, 542 (1985) ("[T]he root requirement of the Due

Process Clause [is] that the individual be given an opportunity for a hearing before he is deprived of any significant [protected] interest.") (citation modified). In other words, "Petitioner's receipt of a post-deprivation bond hearing does not displace his entitlement to pre-deprivation procedural protections [,]" *Baran*, 2026 WL 1048225, at *3, and therefore immediate release is warranted.

## III. CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1. The Magistrate Judge's findings, conclusions, and recommendations are accepted and rejected as set forth in this Order;
2. The Petition for Writ of Habeas Corpus, Dkt. 1, is GRANTED as set forth in this order;
3. Respondents shall release Petitioner Ramirez Raul, No. **A-029199865**, forthwith with all personal effects seized from him, including all identification and immigration documentation. Respondents shall not impose any release restrictions (e.g. electronic monitoring) on petitioner that were not in place prior to petitioner's arrest or detention in this matter unless it is deemed necessary at a future pre-deprivation bond hearing;
4. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

Dated: September 4, 2026

HON. SERENA R. MURILLO
UNITED STATES DISTRICT JUDGE